ITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| NATIONAL FEDERATION OF INDEPENDENT BUSINESS, a California non-profit mutual benefit corporation, | ) ) ) ) | |
| TEXAS ASSOCIATION OF BUSINESS, a Texas non-profit organization, | ) ) ) | |
| LUBBOCK CHAMBER OF COMMERCE, a Texas non-profit organization, | ) ) ) | |
| NATIONAL ASSOCIATION OF HOME BUILDERS, a Nevada non-profit corporation, and | ) ) ) ) | CIVIL ACTION NO: _____ |
| TEXAS ASSOCIATION OF BUILDERS, a Texas non-profit organization, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THOMAS E. PEREZ, in his official capacity, Secretary, United States Department of Labor, | ) ) ) | |
| MICHAEL J. HAYES, in his official capacity, Director, Office of Labor-Management Standards, United States Department of Labor, and | ) ) ) ) ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF AND APPLICATION FOR
PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

National Federation of Independent Business ("NFIB"), Texas Association of Business

("TAB"), Lubbock Chamber of Commerce ("Lubbock Chamber"), National Association of

Home Builders ("NAHB") and Texas Association of Builders ("Texas Builders") ("Plaintiffs")

bring this action against Thomas E. Perez, in his official capacity as Secretary of the United States Department of Labor, Michael J. Hayes in his official capacity as Director of the Office of Labor-Management Standards, and the United States Department of Labor (collectively "DOL" or "Defendants"). On March 24, 2016, DOL published in the Federal Register a new final Persuader Advice Exemption Rule ("Advice Exemption Interpretation") with an effective date of April 25, 2016. 81 Fed. Reg. 15924. This new rule substantially expands and revises DOL's prior longstanding interpretation of the Advice Exemption contained in the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "Act"), 29 U.S.C. § 401 *et seq.* It is without statutory authority, is in direct conflict with specific existing statutory provisions, is contrary to Constitutional provisions, and usurps, without legal authority, the right of States to regulate the attorney-client relationship. It will require practicing attorneys to either violate DOL's new federal "interpretation" of federal law or state ethics rules on disclosure of attorney-client information. DOL's new rule illegally interferes with the right of Plaintiffs' employer-members to obtain confidential legal advice and impedes their right to communicate with employees about unions and workplace issues. DOL's new and expanded Advice Exemption Interpretation adversely impacts Plaintiffs, Plaintiffs' members, employers, and employees. Small employers are particularly adversely impacted by DOL's new rule. DOL's new and expanded Advice Exemption Interpretation illegally burdens Plaintiff, Plaintiffs' members, and employers generally.

Plaintiffs seek (1) a declaratory judgment holding that DOL's promulgation of its new and expanded Advice Exemption Interpretation violates the LMRDA, the First and Fifth Amendments to the United States Constitution, the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, and the Regulatory Flexibility Act ("RFA"), 5 U.S.C. § 601(6); (2) injunctive

2

relief (a preliminary injunction and a permanent injunction) to enjoin Defendants from enforcing DOL's new Advice Exemption Interpretation; and (3) all other appropriate relief.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This action concerns provisions of the LMRDA, including, but not limited to, DOL's rulemaking authority under Sections 203 and 208 of the Act, 29 U.S.C. §§ 433, 438. This case also concerns violations of the First and Fifth Amendments to the United States Constitution, the APA, and the RFA.

2. This Court has jurisdiction to review a final agency action by DOL pursuant to 5 U.S.C. § 702 (the APA) and 5 U.S.C. § 611 (the RFA). This Court also has authority to grant the requested relief pursuant to 28 U.S.C. § 1651 (All Writs Act), 28 U.S.C. § 2201 (Declaratory Judgment Act), and 28 U.S.C. § 2202 (further relief).

3. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(e) because Lubbock Chamber is a corporation within the Northern District of Texas and therefore resides in the Lubbock Division of the Northern District of Texas. Venue is also proper because TAB, NFIB, and Texas Builders have members that are incorporated, do business, and/or reside in the Northern District of Texas, and because the Advice Exemption Interpretation will adversely impact Plaintiffs and their members in the Northern District of Texas.

## PARTIES

4. NFIB is an association of small businesses, including individual members. It has a presence in all 50 States and the District of Columbia. Founded in 1943 as a nonprofit, nonpartisan organization, NFIB's mission is to promote and protect the rights of its members to own, operate, and grow their businesses. NFIB represents approximately 325,000 member

businesses nationwide.  While NFIB members range from sole proprietor enterprises to firms with hundreds of employees, the typical NFIB member has ten employees and reports gross annual sales of approximately $500,000 per year.

5.    NFIB's members include many small entities within the meaning of the RFA. 5 U.S.C. § 601(6).

6.    As the Chamber of Commerce for business in Texas, TAB is the leading employer organization for businesses in Texas, representing more than 4,000 employer members ranging in size from the largest multi-national corporations to small businesses across the State of Texas.  TAB's members include many small entities within the meaning of the RFA. 5 U.S.C. § 601(6).

7.    Lubbock Chamber is located in Lubbock, Texas.  It is the largest business federation on the South Plains with over 2,000 members who employ over 79,000 workers. Lubbock Chamber members include many small entities within the meaning of RFA. 5 U.S.C. § 601(6).

8.    NAHB is a national trade association incorporated in the State of Nevada. NAHB's membership includes more than 140,000 builder and associate members organized into approximately 700 affiliated state and local associations in all 50 states, the District of Columbia, and Puerto Rico. In Texas, NAHB has 29 local associations, including the Texas Association of Builders and the West Texas Home Builders Association, located in Lubbock, Texas. Its members include individuals and firms that construct single-family homes, apartments, condominiums, and commercial and industrial projects, as well as land developers and remodelers. The overwhelming majority of NAHB members are small businesses.

9.      Texas Builders is dedicated to creating a positive business environment for the housing industry by addressing the housing issues of the people of Texas.  Founded in 1946, Texas Builders is an affiliate of NAHB and has 28 local home builders associations with nearly 10,000 members across Texas, including The West Texas HBA located in Lubbock, Texas.  Representing over 702,500 jobs and more than $31.1 billion annually in the Texas economy, the state and local associations play a crucial role in providing housing for Texas.

10.     Defendant Thomas E. Perez is the Secretary of Labor ("Secretary").  He is sued in his official capacity pursuant to 5 U.S.C. § 703.  The Secretary is authorized to issue, amend, and rescind rules and regulations prescribing the form and publication of reports required to be filed under the LMRDA, and he is authorized to bring civil actions to enforce reporting requirements under the LMRDA.

11.     Defendant Michael J. Hayes is the Director of the Office of Labor-Management Standards of the United States Department of Labor ("OLMS").  The Secretary has delegated his authority under the LMRDA to the OLMS Director.  *See* Secretary's Order 8-2009, 74 Fed. Reg. 58,835, 58,835-836 (Nov. 13, 2009).  Mr. Hayes is sued in his official capacity pursuant to 5 U.S.C. § 703.

12.     DOL, under the direction of the Secretary, is the federal agency responsible for issuing, amending, and rescinding rules and regulations prescribing the form and publication of reports required to be filed under the LMRDA.  DOL is also authorized to bring civil actions to enforce reporting requirements under the LMRDA.

## STANDING

13.     Plaintiffs NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders have standing to bring this litigation.

14.     Plaintiffs NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders have standing because Plaintiffs' members would otherwise have standing to sue in their own right, the interests at stake in this case are germane to Plaintiffs' organizational purposes, and neither the claims asserted nor the relief requested requires the participation of Plaintiffs' individual members.

15.     NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders sponsor seminars and provide advice and information to their employer-members about labor relations issues. Many members of NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders enter into agreements or arrangements with consultants, including attorneys, to provide them with labor relations advice and services.  Many NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders members also enter agreements or arrangements with attorneys pursuant to which attorneys, in the course of providing advice to members, provide material or communications to, or engage in other actions, conduct, or communications on behalf of the members that, in whole or in part, have the object directly or indirectly to persuade employees concerning their rights to organize or bargain collectively or to refrain from such activities.  Threatened, imminent, and certain injury will be inflicted on NFIB, TAB, Lubbock Chamber, NAHB , and Texas Builders and their members if DOL's new and expanded Advice Exemption Interpretation takes effect as scheduled on April 23, 2016.

16.     The missions of NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders are to promote, represent, and advocate for the rights of their members, or any segment thereof, on matters of collective interest.  It is in furtherance of this purpose, and on behalf of the rights of their members, that NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders bring this action.

17.     Neither the claims asserted in this lawsuit nor the relief requested herein requires the direct participation of the members of NFIB, TAB, Lubbock Chambers, NAHB and/or Texas Builders.

## STATEMENT OF FACTS

### The LMRDA's Reporting and Disclosure Requirements

18.     During the middle and late 1950s, the labor movement was under intense Congressional scrutiny for corruption, racketeering, and other misconduct.  As a result of Congressional action, President Dwight Eisenhower, in the fall of 1959, signed into law the LMRDA (also known as the Landrum- Griffin Act). 29 U.S.C. § 401, et seq.

19.     In addition to amending the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151-69, the LMRDA provides for the reporting and disclosure of certain financial transactions and administrative practices of labor organizations and employers, the protection of union funds and assets, the administration of trusteeships by labor organizations, and the election of officers of labor organizations. 29 U.S.C. 401 *et seq.*  The LMRDA also guarantees certain rights to union members. *Id.*  Provisions of the LMRDA were assigned to DOL for administration. *Id.*

20.     Section 203(a) of the LMRDA is titled "Report of Employers."  It provides as follows:

> **Every employer who in any fiscal year made-**
>
> (1) any payment or loan, direct or indirect, of money or other thing of value (including reimbursed expenses), or any promise or agreement therefor, to any labor organization or officer, agent, shop steward, or other representative of a labor organization, or employee of any labor organization, except (A) payments or loans made by any national or State bank, credit union, insurance company, savings and loan association or other credit institution and (B) payments of the kind referred to in section 186(c) of this title;
>
> (2) any payment (including reimbursed expense) to any of his

7

employees, or any group or committee of such employees, for the purpose of causing such employee or group or committee of employees to persuade other employees to exercise or not to exercise, or as the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing unless such payments were contemporaneously or previously disclosed to such other employees;

(3) any expenditure, during the fiscal year, where an object thereof, directly or indirectly, is to interfere with, restrain, or coerce employees in the exercise of the right to organize and bargain collectively through representatives of their own choosing, or is to obtain information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer, except for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding;

**(4) any agreement or arrangement with a labor relations consultant or other independent contractor or organization pursuant to which such person undertakes activities where an object thereof, directly or indirectly, is to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing, or undertakes to supply such employer with information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer, except information for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding; or**

**(5) any payment (including reimbursed expenses) pursuant to an agreement or arrangement described in subdivision (4);**

**shall file with the Secretary a report, in a form prescribed by him, signed by its president and treasurer or corresponding principal officers showing in detail the date and amount of each such payment, loan, promise, agreement, or arrangement and the name, address and position, if any, in any firm or labor organization of the person to whom it was made and a full explanation of the circumstances of all such payments, including the terms of any agreement or understanding pursuant to which they were made.**

29 U.S.C. § 433(a) (emphasis added).  Simply stated, Section 203(a)(4), quoted above, requires

the filing of reports by employers who engage in "persuader activities" defined in Section 203(a)(4).

21.     Section 203(b) of the LMRDA states:

**Every person who pursuant to any agreement or arrangement with an employer undertakes activities where an object thereof is, directly or indirectly –**

**(1)     to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing; or**

**(2)     to supply an employer with information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer, except information for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding;**

**shall file within thirty days after entering into such agreement or arrangement a report with the Secretary, signed by its president and treasurer or corresponding principal officers, containing the name under which such person is engaged in doing business and the address of its principal office, and a detailed statement of the terms and conditions of such agreement or arrangement. Every such person shall file annually, with respect to each fiscal year during which payments were made as a result of such an agreement or arrangement, a report with the Secretary, signed by its president and treasurer or corresponding principal officers, containing a statement (A) of its receipts of any kind from employers on account of labor relations advice or services, designating the sources thereof, and (B) of its disbursements of any kind, in connection with such services and the purposes thereof.  In each such case such information shall be set forth in such categories as the Secretary may prescribe.**

29 U.S.C. § 433(b) (emphasis added).

22.     Pursuant to the above quoted provisions, the LMRDA expressly describes and limits the scope of the reporting and disclosure requirements established by the statute.

23.     Exempt from current reporting and disclosure requirements, for example, is the giving of advice by a labor relations consultant, including an attorney.   Section 203(c)

9

established what has become known as the **"Advice Exemption"** from the LMRDA's reporting requirements. Significantly for purposes of this lawsuit, Section 203(c) provides:

> **Nothing in this section shall be construed to require any employer or other person to file a report covering the services of such person by reason of his giving or agreeing to give advice to such employer or representing or agreeing to represent such employer before any court, administrative agency, or tribunal of arbitration or engaging or agreeing to engage in collective bargaining on behalf of such employer with respect to wages, hours, or other terms or conditions of employment or the negotiation of an agreement or any question arising thereunder.**

29 U.S.C. § 433(c) (emphasis added).

24.    Section 203(d) of the LMRDA provides:

> **Nothing contained in this section shall be construed to require an employer to file a report under subsection (a) unless he has made an expenditure, payment, loan, agreement, or arrangement of the kind described therein. Nothing contained in this section shall be construed to require any other person to file a report under subsection (b) unless he was a party to an agreement or arrangement of the kind described therein.**

29 U.S.C. § 433(d) (emphasis added).

25.    Section 203(e) states:

> **Nothing contained in this section shall be construed to require any regular officer, supervisor, or employee of an employer to file a report in connection with services rendered to such employer nor shall any employer be required to file a report covering expenditures made to any regular officer, supervisor, or employee of any employer as compensation for service as a regular officer, supervisor, or employee of such employer.**

29 U.S.C. § 433(e) (emphasis added).

26.    Section 203(f) of the LMRDA provides that "[n]othing contained in this section shall be construed as an amendment to, or modification of the rights protected by, Section 8(c) of the National Labor Relations Act, as amended." 29 U.S.C. § 433(f). Section 8(c) of the NLRA defines unfair labor practices by unions and employers. It states that "[t]he expressing of any views, argument, or opinion [with respect to unionization], or the dissemination thereof, whether

10

in written, printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this Act [subchapter], if such expression contains no threat of reprisal or force or promise of benefit." 29 U.S.C. § 158(c).

27. Section 204 of the LMRDA is titled **"Attorney-Client Communications Exempted."** Significantly for purposes of this lawsuit, Section 204 provides:

> **Nothing contained in [the LMRDA] shall be construed to require an attorney who is a member in good standing of the bar of any State, to include in any report required to be filed pursuant to the provisions of this Act any information which was lawfully communicated to such attorney by any of his clients in the course of a legitimate attorney-client relationship.**

29 U.S.C. § 434 (emphasis added).

28. Section 205 of the LMRDA is titled **"Reports Made Public Information"**. Section 205 provides that reports and disclosures required under Sections 203(a) and (b) are public information that DOL may publish, that DOL must make available to any person for inspection and examination, and that DOL must provide copies of such reports and documents upon request. 29 U.S.C. § 435.

29. Section 208 of the LMRDA authorizes the Secretary to "issue, amend, and rescind rules and regulations prescribing the form and publication of reports required to be filed under title and such other reasonable rules and regulations . . . as he may find necessary to prevent the circumvention or evasion of such reporting requirements." 29 U.S.C. § 438.

30. Under the provisions of the LMRDA described above, the reporting requirements for employers and their labor consultants (including attorneys) are triggered when they undertake activities intended to directly or indirectly persuade employees to exercise or not to exercise their right to organize and bargain collectively through representatives of their own choosing. These activities are called "Persuader Activities." DOL requires that employers complete and file a

11

Form LM-10 (Employer Report) disclosing all payments made to unions and union officials, persuader payments made to employees and employee committees, and persuader agreement/arrangements made with labor relations consultants (including attorneys) along with the amount and dates of payments made and expenditures made to interfere with, restrain or coerce employees, or otherwise to obtain information concerning employees or a labor organization.  Employers required to file Form LM-10 must do so within ninety days of the completion of the employer's fiscal year.

31.    DOL requires that labor relations consultants (including attorneys) complete and file a Form LM-20 (Agreement & Activities Report) specifying, among other things, information relating to all persuader agreements and the nature of persuader activities undertaken by the consultant.  Form LM-20 must be completed and filed by the consultant within thirty days of the consultant agreeing to engage in reportable activity.  DOL also requires the completion and filing of Form LM-21 (Receipts and Disbursements Report) by consultants (including attorneys) who engage in Persuader Activities.  Form LM-21 must be filed within ninety days after the completion of the consultant's fiscal year.  Using Form LM-21, consultants must report "receipts from employers in connection with labor relations advice or services regardless of the purposes of the advice or services."  They must also report "all disbursements [to their officers and employees] … in connection with labor relations advice or services rendered to employers."  As explained more fully below, neither the LMRDA nor DOL define the phrase "labor relations advice or services" utilized in Form LM-21.  As indicated above, DOL must make all of these completed and filed forms available for public inspection.  As also indicated above, the LMRDA makes certain activities exempt from the LMRDA's Persuader Activities reporting requirements

under, among other things, the Advice Exemption contained in Section 203(c) and the protection of attorney-client communications provided by Section 204.  *See* 29 U.S.C. §§ 433(c), and 434.

32.    Section 209 of the LMDRA provides that willful statutory violations, knowingly filing false reports, and knowing omissions with respect to the statute's reporting and disclosure requirements are punishable with fines up to $10,000 and/or imprisonment up to one year.  29 U.S.C. § 439(b) and (c).  Section 209 further provides that individuals required to sign reports under Section 203 are deemed personally responsible for them.  29 U.S.C. § 439(d).

### DOL's Longstanding Interpretation of the LMRDA's Advice Exemption

33.    As indicated above, the LMRDA provides that employers must report to DOL each time they engage a consultant (including an attorney) to persuade employees directly or indirectly with respect to the employees' right to organize or bargain collectively (i.e. "Persuader Activity").  An employer who fails to comply with the LMRDA's reporting requirements can face a $10,000 fine and a year in jail.  However, as also indicated above, the LMRDA carves out from the reporting requirements an Advice Exemption in Section 203(c) of the Act. 29 U.S.C. § 433(c).  DOL has for decades interpreted the Advice Exemption to exclude from the LMRDA's reporting requirements an employer's engagement of a consultant (including an attorney) to assist the employer in responding to a union organizing campaign so long as the consultant (including an attorney) has no direct contact with employees and the employer is free to accept or reject the consultant's (including an attorney's) recommendations.  Among the many activities for decades considered to fall within the Advice Exemption are a lawyer's legal review of actions contemplated by an employer in response to union organizing, including the preparation of documents, speeches and even responses by an employer to questions raised by employees, for an employer's use during union organizing, the training of managers and supervisors through

conferences and seminars and otherwise, and the development of personnel policies and practices.

34.     DOL's longstanding interpretation of the LMRDA's Advice Exemption derives from a memorandum prepared by the Secretary in 1962.  This memorandum is set forth in Section 265.005 of DOL's LMRDA Interpretative Manual.  Regarding situations "where the lawyer or middleman prepares an entire speech or document for the employer" for use by an employer in conducting persuader activities, the Secretary stated the following in his memorandum:

> We have concluded that such an activity can reasonably be regarded as a form of written advice where it is carried out as part of a bona fide undertaking which contemplates the furnishing of advice to an employer. Consequently, such activity in itself will not ordinarily require reporting unless there is some indication that the underlying motive is not to advise the employer. **In a situation where the employer is free to accept or reject the written material prepared for him and there is no indication that the middleman is operating under a deceptive arrangement with the employer, the fact that the middleman drafts the material in its entirety will not in itself generally be sufficient to require a report.**

LMRDA Interpretative Manual Entry § 265.005 (Jan. 19, 1962) (emphasis added).

35.     Prior to DOL's promulgation of its new and expanded Advice Exemption Interpretation, an attorney or consultant hired by an employer to provide advice with respect to union organizing and/or collective bargaining would be exempt from the LMRDA reporting requirements pursuant to Advice Exemption provided that the consultant did not engage directly with employees with respect to an employer's persuader activities.  Assistant Secretary for Labor-Management Standards Mario A. Lauro, Jr., described DOL's interpretation of the Advice Exemption as follows:

> **[The] usual indication that an employer-consultant agreement is exempt [from reporting] is the fact that the consultant has no direct contact with employees and limits his activity to providing to the employer or his supervisors advice or materials for use in persuading employees**

**which the employer has the right to accept or reject.**

Memorandum of Acting Deputy Assistant Secretary for Labor-Management Standards Mario A. Lauro Jr. (Mar. 24, 1989) (emphasis added).  Assistant Secretary Lauro's Memorandum is consistent with judicial interpretation of the Advice Exemption**.**

<b>The DOL's New and Expanded Advice Exemption Interpretation</b>

36.    On June 21, 2011, DOL published a Notice of Proposed Rulemaking in the Federal Register regarding the LMRDA's Advice Exemption.  76 Fed. Reg. 36,178 (Jun. 21, 2011).

37.    DOL published its new and expanded Advice Exemption Interpretation as a final rule on March 24, 2016. It will become effective on April 25, 2016.  81 Fed. Reg. 15924.  DOL'S new rule will be applicable to arrangements and agreements as well as payments (including reimbursed expenses) made on or after July 1, 2016.  81 Fed. Reg. 15924.  DOL's new Advice Exemption Interpretation has significant legal implications for Plaintiffs, Plaintiffs' employer-members, and all employers and consultants (including attorneys) who engage in the expanded definition of Persuader Activities described in the new rule.

38.    DOL describes the purpose of its new and expanded Advice Exemption Interpretation as follows in the new rule's Executive Summary:

> The purpose of this rule is to revise the Department's interpretation of section 203 of the Labor-Management Reporting and Disclosure Act (LMRDA) to require reporting of "indirect" persuader activity and agreements.

81  Fed. Reg. 156925.

39.    DOL's new and expanded Advice Exemption Interpretation (A) changes the instructions and contents of Forms LM-10 and LM-20 to accord with DOL's new interpretation of the Advice Exemption and (B) expands the reporting detail required by Forms LM-10 and

LM-20 with respect to reportable agreements and arrangements. The revised instructions

accompanying DOL's revised Forms LM-10 and LM-20 define advice that is exempted under

the new rule from DOL's reporting requirements as follows:

> No report is required covering the services of a labor relations consultant by reason of the consultant's giving or agreeing to give advice to an employee. **"Advice'' means an oral or written recommendation regarding a decision or a course of conduct…**

81 Fed. Reg. 16028, (emphasis added).

40.      Significantly, DOL's new rule provides:

> **If the consultant engages in both advice and persuader activities, however, the entire agreement or arrangement must be reported.**

81 Fed. Reg. 15937, (emphasis added).

41.      Under DOL's new and expanded Advice Exemption Interpretation, a consultant

(including an attorney) hired by an employer will **for the first time in fifty years** be required to

file reports with DOL even if the consultant has no direct dealing with employees. DOL states

the following in its new rule: "This rule adjusts how the Department construes the term 'advice,'

an interpretation that furthers the LMRDA's goals of transparency and labor-management

stability." 81 Fed. Re. 15937. The following is stated in the new rule's Executive Summary:

> **Based on the traditional meaning of "advice," the Department believes, contrary to its prior interpretation, that section 203(c) (known as the "advice exemption") does not shield employers and their consultants from reporting agreements in which the consultant has no face-to-face contact with employees but nonetheless engaged in activities behind the scenes (known as indirect persuader activities) where an object is to persuade employees concerning their rights to organize and bargain collectively.**

81 Fed. Reg. 15925, (emphasis added). According to DOL, despite being in effect for more than

fifty years with DOL and judicial approval (as well as Congressional acquiescence), "[DOL's]

prior interpretation [of the Advice Exemption] did not represent the best reading of the statute…

16

81 Fed. Reg. 15950.

42.     DOL's new and expanded Advice Exemption Interpretation abandons DOL's prior bright-line test that extended the advice exemption to recommendations (including draft written materials) that an employer is free to accept or reject and required direct employee contact for a consultant to be deemed to have engaged in Persuader Activity. Explaining this expansion of the LMRDA reporting requirements, DOL's new and expanded Advice Exemption Interpretation provides:

> DOL reiterates the rule in effect for 50 years requiring direct contact with an employee to establish an engagement in Persuader Activity **and four new instances which DOL asserts establish participation by a consultant in Persuader Activity without direct employee contact under the new rule.** There are five general scenarios in which the underlying test for persuasion is to be applied, one in which the consultant engages in direct contact with employees and four in which the consultant does not engage in direct contact:
>
> **Reporting of an agreement or arrangement is triggered when:**
>
> > (1) A consultant engages in *direct* contact or communication with any employee with an object to persuade such employee; or
> >
> > **(2) A consultant who has no direct contact with employees undertakes the following activities with an object to persuade employee;**
> >
> > > **(a)    Plans, directs, or coordinates activities undertaken by supervisors or other employer representatives, including meetings and interactions with employees;**
> > >
> > > **(b)    Provides material or communications to the employer, in oral, written, or electronic form, for dissemination or distribution to employees;**
> > >
> > > **(c)    Conducts a seminar for supervisors or other employer representatives; or**
> > >
> > > **(d)    Develops or implements personnel policies, practices, or actions for the employer;**

17

The activity that triggers the consultant's requirement to file the Form M-20 also triggers the employer's obligation to report the agreement on the Form LM-10…

81 Fed. Reg. 15938, (emphasis added).

43.     Revised Forms LM-10 and LM-20 are attached to DOL's new and expanded Advice Exemption Interpretation.  Among the "Persuader Activities" specifically described in DOL's revised Forms LM-10 and LM-20 which trigger reporting obligations are the following:

A.     Drafting, revising, or providing written materials for presentation, dissemination, or distribution to employees;

B.     Drafting, revising, or providing a speech for presentation to employees;

C.     Drafting, revising, or providing audiovisual or multi-media presentations for presentation, dissemination, or distribution to employees;

D.     Drafting, revising, or providing website content for employees;

E.     Planning or conducting individual or group employee meetings;

F.     Planning or conducting group employee meetings;

G.     Training supervisors or employer representatives to conduct individual or group employee meetings;

H.     Coordinating or directing the activities of supervisors or employer representatives;

I.     Establishing or facilitating employee committees;

J.     Developing personnel policies or practices;

K.     Identifying employees for disciplinary action, reward, or other targeting action;

L.     Speaking with or otherwise communicating directly with employees;

M.     Other.

Among the "Information Supplying Activities" described in DOL's revised Forms LM-10 and LM-20 which trigger reporting obligations for employers in a labor dispute are the following:

18

A.    Supplying information obtained from:

1.    Research or investigation concerning employees or labor organizations;

2.    Supervisors or employer representatives;

3.    Employees, employee representatives, or union meetings;

B.    Surveillance of employees or union representatives (electronically or in person).

C.    Other.

44.    DOL's new and expanded Advice Exemption Interpretation and its revision of reporting requirements under Forms LM-10 and LM-20 effectively eliminate the LMRDA's Advice Exemption from the LMRDA.  Many activities that are ordinarily performed by an employer's attorneys, such as drafting documents and communications on behalf of an employer that an employer may decide to provide to employees, the training of supervisory employees, and the drafting of employment policies will for the first time be regarded as persuader activity triggering reporting obligations.  DOL's new and expanded Advice Exemption Interpretation is contrary to the express language of the LMRDA's Advice Exemption.  It also is inconsistent with the ordinary usage and practice of interpreting such language.  Courts have long recognized that an attorney's preparation of materials and documents for a client is a component of providing legal advice protected by the attorney-client privilege.

45.    DOL's new and expanded Advice Exemption Interpretation requires all consultants (including attorneys, law firms, and associations) who engage in direct or indirect persuader activities, as described in the new and expanded rule, to complete and file the revised Form LM-20 (Agreement & Activities Report) containing the information described immediately

above.  Such consultants must also compete and file Form LM-21 (Receipts and Disbursements Report).  Form LM-21 requires all consultants (including attorneys, law firms, and associations) engaged in Persuader Activity to "[r]eport all receipts from employers in connection with labor relations advice or services **regardless of the purposes of the advice or services**" and to "[r]eport all disbursements [to officers and employees of the consultant] made . . . in connection with labor relations advice or services rendered to the employers listed [as receiving receipts]." (Emphasis added).  Neither DOL's new and expanded Advice Exemption Interpretation nor Form LM-21 define or restrict what constitutes "labor relations advice or services."[1]  DOL has  indicated that it intends to update Form LM-21 in the Fall of 2016 "to reflect the most current reporting requirements."[2]  81 Fed. Reg. 15937.  LM-21 is overly broad and vague when read along with DOL's new and expanded Advice Exemption Interpretation.  If a consultant engages in Persuader Activity under DOL's new broad and vague definition of what constitutes Persuader Activity, the consultant will be required to report all receipts from the hiring employer, as well as disbursements to the consultant's officers and employees, resulting from "labor relations advice or services regardless of the purposes of the advice or services," even if such "labor relations advice or services" are unrelated to Persuader Activity.  Accordingly, under DOL's new rule, when read along with Form LM-21's reporting requirements, lawyers are required to file reports

---

[1] A 1962 DOL "Interpretation Manual" stated that "labor relations" includes advice on "all of the Federal and State laws bearing on the employer-employee relationship."  In 2001 during the waning days of the Clinton Administration, DOL published a notice of a revised statutory interpretation which narrowed the definition of "labor relations advice or services" to "services concerning employee organizing, representation, or concerted activities; collective bargaining and/or labor disputes".  That definition was consistent with the LMRDA's definition of "labor relations consultant."  However, the 2001 notice was rescinded during\ the G.W. Bush Administration.

[2] DOL stated the following when discussing comments received in opposition to its new rule:

> While some of the comments submitted in response to the NPRM concern issues that may arise in connection with the Form LM-21, such as the scope and detail of reporting about service provided to other employer clients, that report is not the subject of this rulemaking.  The Department has publicly stated its intention to revisit these requirements in rulemaking.,...ln this rulemaking, the Department proposed no changes to nor invited public comment on any aspect of the LM-21 form.  Therefore, issues arising from the reporting requirements of the LM-21 are not appropriate for consideration under this rule.
> 81 Fed. Reg. 15992, 15993.

20

which contain confidential information pertaining to clients unrelated to any Persuader Activities.  The information in such reports are open to public inspection.

46.     Plaintiffs and similar associations will also, under DOL's new rule, be required to file Forms LM-20 and LM-21 if they provide any advice or suggestions to employer-members with respect to any of the so-called Persuader and Information Supplying Activities described on DOL's revised Form LM-20.   Under DOL's new and expanded Advice Exemption Interpretation, Plaintiffs and similar associations will also be required to complete and file Forms LM-20 and LM-21 if they provide an employer, including members, with any union avoidance materials other than what DOL describes as '''off-the-shelf'' persuader materials.  81 Fed. Reg. 15937, 15940.    Under DOL's new and expanded Advice Exemption Interpretation, Plaintiffs and other associations will be required to complete and file Form LM-20 disclosing any arrangements and agreements relating to their sponsorship of union avoidance seminars and Form LM-21 listing the employers attending any such seminar in instances where an employee of the association serves as a presenter at the seminar.  81 Fed. Reg. 15940.  Even if no employee of an association makes a presentation at a union avoidance seminar sponsored by the association, all consultants making a presentation at such a seminar are required under the DOL's new rule to complete and file Form LM-20 listing all employers who attend the seminar, including members of the association.  81 Fed. Reg. 16028.

47.     DOL's new and expanded Advice Exemption Interpretation will damage Plaintiffs and similar associations.  Members join associations for information and guidance on regulatory and other issues affecting employers.  If associations are not assured of an ability to communicate with members with the protection afforded by the Advice Exemption, which they are not under the DOL's new and expanded Advice Exemption Interpretation, a primary

motivation for businesses joining associations like Plaintiffs is eliminated.  The substantial harm to Plaintiffs as a result of DOL's new and expanded Advice Exemption Interpretation outweighs any governmental interest advanced by the disclosure requirements of DOL's new and expanded Advice Exemption Interpretation.

48.     DOL's new and expanded Advice Exemption Interpretation is expansive and vague.  It reverses DOL's long-standing prior interpretation.  DOL's new rule is inconsistent with the plain wording of the LMRDA.  It will create substantial uncertainty regarding what advice activities, if any, remain non-reportable.

49.     DOL's new and expanded Advice Exemption Interpretation limits Plaintiffs' and their members' speech and association rights on important matters relating to unionization and labor relations.

50.     DOL received approximately 9,000 comments on its proposed rule which is now its new and expanded Advice Exemption Interpretation.  81 Fed. Reg. 15945.  Most comments opposed promulgation of the rule.

51.     The American Bar Association ("ABA") submitted a comment to the DOL dated September 21, 2011.  The ABA expressed opposition to what is now DOL's new and expanded Advice Exemption Interpretation. In a Letter from Wm. T. (Bill) Robinson III, President of the American Bar Association, to the Office of Labor-Management Standards, U.S. Department of Labor (September 21, 2011), the ABA commented as follows:

> **On behalf of the American Bar Association ("ABA"), I write to express our serious concerns over the above-referenced proposed rule (the "Proposed Rule") that would substantially narrow the U.S. Department of Labor's ("Department") longstanding interpretation of what lawyer activities constitute "advice" to employer clients and hence are exempt from the extensive reporting requirements of Section 203 of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "Act"), 29 U.S.C. § 433 (1982).**  By expressing concerns over the Proposed Rule and urging the Department

to reconsider, the ABA is not taking sides on a union-versus-management dispute, but rather is defending the confidential client-lawyer relationship and urging the Department not to impose an unjustified and intrusive burden on lawyers and law firms and their clients.

…

**. . . In particular, we support the current interpretation of the advice exemption and oppose the Department's Proposed Rule to the extent it would apply to lawyers representing employer clients because:**

- The Department's longstanding interpretation of the "advice" exemption provides a useful, bright-line rule that is consistent with the actual wording of the statute and Congress' intent, while **the new proposed interpretation would essentially nullify the advice exemption contained in the statute and thwart the will of Congress;**

- **The Department's Proposed Rule is inconsistent with ABA Model Rule of Professional Conduct 1.6 dealing with "Confidentiality of Information" and with the many binding state rules of professional conduct that closely track the ABA Model Rule;**

- **The Proposed Rule could seriously undermine both the confidential client-lawyer relationship and the employers' fundamental right to counsel; and**

- **The scope of the information that the Department's Proposed Rule would require lawyers engaged in direct or indirect persuader activities to disclose encompasses a great deal of confidential financial information about clients that has no reasonable nexus to the "persuader activities" that the Act seeks to monitor.**

**. . .** Since at least 1989, however, the Department has broadly interpreted the "advice" exemption under Section 203(c) to generally exclude from the rule's disclosure requirements any advice or materials provided by the lawyer or other consultant to the employer for use in persuading employees, so long as the consultant has no direct contact with the employees. ⋯

**. . .**

**. . . In its Proposed Rule, the Department has proposed major changes to its longstanding interpretation and application of Section 203 that would require lawyers who both provide legal advice to employer clients and engage in any**

23

**persuader activities to file periodic disclosure reports, even if the lawyer has no direct contact with the employees. These reports, in turn, would require lawyers (and their employer clients) to disclose a substantial amount of confidential client information, including the existence of the client-lawyer relationship and the identity of the client, the general nature of the legal representation, and a description of the legal tasks performed. The lawyers also would be required to report detailed information regarding the** *legal fees paid by all of the lawyers' employer clients, and disbursements made by the lawyers, on account of "labor relations advice or services" provided to any employer client, not just those clients who were involved in persuader activities.*

. . .

**The Department's traditional broad interpretation of the "advice" exemption"—which exempts lawyers who provide legal advice or other legal services** *to help their employer clients to persuade employees* **but have** *no direct contact with employees—is* **entirely consistent with the plain wording of the statute and with Congress' intent as explained above.** When an employer retains a lawyer to advise and assist the employer in its disputes with its employees, including with regard to helping the employer to persuade employees as to organizational rights, the lawyer will ordinarily be asked to provide legal advice and other legal services to the employer that constitute the practice of law. So long as the lawyer limits his or her activities to providing advice and materials directly to the employer client and does not contact the employees directly, the Department should continue to deem these legal services to be exempt "advice" or "representation" under Section 203(c), and not reportable "persuader activity" under Section 203(b) of the statute.

. . .

**Conversely, if the Department's new proposed interpretation of the advice exemption were adopted** and a lawyer who only gives advice to an employer client in connection with the client's persuader activities, or who gives advice and provides other legal services in support of the client's persuader activities, were nonetheless subjected to the Act's disclosure requirements, **the advice exception in Section 203(c) would be effectively written out of the statute and the Department's persuader activities rule.** The ABA urges the Department to resist such an illogical interpretation that would nullify the advice exception and thereby clearly thwart the will of Congress.

. . .

**The ABA also is concerned that by requiring lawyers to disclose confidential client information to the government regarding the identity of the client, the nature of the representation, and details concerning legal fees, the Proposed Rule is inconsistent with ABA Model Rule of Professional Conduct 1.6 dealing**

**with "Confidentiality of Information" and with the many binding state rules of professional conduct that closely track the ABA Model Rule.** ABA Model Rule 1.6 states that "a lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent..." or unless one or more of the narrow exceptions listed in the Rule is present.

. . .

**By requiring lawyers to file detailed reports with the Department stating the identity of their employer clients, the nature of the representation and the types of legal tasks performed, and the receipt and disbursement of legal fees whenever the lawyers provide advice or other legal services relating to the clients' persuader activities, the Proposed Rule could chill and seriously undermine the confidential client-lawyer relationship. In addition, by imposing these unfair reporting burdens on both the lawyers and the employer clients they represent, the Proposed Rule could very well discourage many employers from seeking the expert legal representation that they need, thereby effectively denying them their fundamental right to counsel.**

. . .

**In our view, these required disclosures proposed by the Department are unjustified and inconsistent with a lawyer's existing ethical duties under Model Rule 1.6 (and the related state rules) not to disclose confidential client information absent certain narrow circumstances not present here. Lawyers should not be required, under penalty of perjury, to publicly disclose confidential information regarding such clients who have not even engaged in or requested the persuader activities that the statute seeks to address. . . .**

Letter from Wm. T. (Bill) Robinson III, President of the American Bar Association, to the Office of Labor-Management Standards, U.S. Department of Labor (September 21, 2011) (Emphasis added).

52.    Under 1.05 of the Texas Disciplinary Rules of Professional Conduct, confidential client information that an attorney is barred from disclosing includes both privileged and unprivileged information. Specifically, it includes "all information relating to a client or furnished by the client . . . acquired by the lawyer during the course of or by reason of the representation of the client." Rule 1.05(a). Under Texas Rule 1.05, a lawyer may not "[r]eveal confidential information of a client or a former client to . . . anyone else, other than the client, the

25

client's representatives, or the members, associates, or employees of the lawyer's law firm"
without the client's permission or in other specifically defined circumstances not applicable in
this lawsuit. Rule 1.05(b)(1)(ii).  DOL's new Advice Exemption Interpretation is contrary to an
attorney's ethical obligation to maintain client confidences.  Its reporting requirements invade
the attorney-client privilege and compromise an attorney's ethical obligations.  It requires the
disclosure by attorney consultants of confidential information.

53.     The Texas Disciplinary Rules of Professional Conduct recognize the following:

Both the fiduciary relationship existing between lawyer and client and the
proper functioning of the legal system require the preservation by the lawyer of
confidential information of one who has employed or sought to employ the
lawyer. Free discussion should prevail between lawyer and client in order for
the lawyer to be fully informed and for the client to obtain the full benefit of the
legal system. The ethical obligation of the lawyer to protect the confidential
information of the client not only facilitates the proper representation of the
client but also encourages potential clients to seek early legal assistance.

Tex. Disciplinary Rule of Prof'l Conduct 1.05 cmt. 1.

54.     Under DOL's new and expanded Advice Exemption Interpretation, many
attorneys will no longer be available and/or willing to offer legal advice to employers with
respect to persuader activities and labor relations matters.  DOL's new and expanded Advice
Exemption Interpretation contains reporting requirements that are inconsistent with and
undermine the attorney-client relationship and the confidentiality of that relationship. Attorneys
will face potential discipline under state bar ethical rules if they comply with DOL's new Advice
Exemptions Interpretation, and, if they do not comply, they will face criminal and civil liability
under the LMRDA.

55.     Notwithstanding widespread opposition, on March 24, 2016, DOL promulgated
its new and expanded Advice Exemption Interpretation at 81 Fed. Reg. 15924.  DOL's new
Advice Exemption Interpretation is to be codified at 29 C.F.R. Parts 405 and 406.  Its effective

date is April 23, 2016.

56.    DOL's new Advice Exemption Interpretation is contrary to the plain language of the LMRDA by effectively eliminating the statute's express exemption for advice.  DOL lacked rulemaking authority to promulgate its new Advice Exemption Interpretation.  DOL has failed to provide evidence and reasonable grounds to support its new and expanded Advice Exemption Interpretation.  DOL failed to meaningfully consider the plain text, the purpose, and the legislative history of the LMRDA.  DOL failed to consider all of the evidence, relevant legal policy, and economic considerations available to it before promulgating its new rule.  DOL has failed to identify evidence indicating that its decade's long interpretation of the LMRDA's Advice Exemption is deficient, and it has failed to provide a rational basis to conclude that its new Advice Exemption Interpretation would remedy any such deficiency.  DOL's new Advice Exemption Interpretation will decrease, not increase, the amount and quality of relevant information available to employees.  DOL has failed to consider and give proper weight to both judicial and Congress's acquiescence to its long-standing interpretation of the LMRDA's Advice Exemption.  DOL's new rule is inconsistent with, and contrary to, the purposes underlying the LMRDA.  The purported reasons provided by DOL for its new Advice Exemption and for abandoning its longstanding interpretation of the advice exemption fail to justify its new rule, which is therefore arbitrary and capricious.

57.    DOL failed to prepare and make available for public comment an initial and final regulatory flexibility analysis as required by the RFA.  5 U.S.C. § 603(a).  An agency can avoid performing a flexibility analyses if the agency's top official certifies that the rule will not have a significant economic impact on a substantial number of small entities. 5 U.S.C. § 605.  The certification must include a statement providing the factual basis for the agency's determination

27

that the rule will not significantly impact small entities.  5 U.S.C. § 605.  DOL certified that its new and expanded Advice Exemption Interpretation would not have a significant economic impact on a substantial number of small entities.  76 Fed. Reg. 36,178, 36,206 (Jun. 21, 2011) (29 C.F.R. pt. 405 and 406).  In making this certification, the DOL understated the economic impact of the new Advice Exemption Interpretation and failed to provide an adequate factual base for its cost estimates.

58.    DOL's new Advice Exemption Interpretation constitutes final agency action.

**FIRST CAUSE OF ACTION**
**The DOL Lacks Statutory Authority to Promulgate and Enforce its new Advice Exemption Interpretation**

59.    DOL lacks authority to promulgate and enforce its new and expanded Advice Exemption Interpretation. DOL has acted in excess of its statutory authority and limitations and short of its statutory authorization in violation of the APA.  5 U.S.C. § 706(2)(A) and (C).  DOL's new and expanded Advice Exemption Interpretation is contrary to the plain wording and meaning of the LMRDA.  DOL's promulgation of its new and expanded Advice Exemption Interpretation is arbitrary, capricious, and an abuse of discretion in violation of the APA.  5 U.S.C. § 702(2)(A).  The Court should declare DOL's new and expanded Advice Exemption Interpretation unlawful and set it aside.

    A.    DOL's new and expanded Advice Exemption Interpretation is contrary to the Advice Exemption contained within Section 203(c) of the LMDA. 29 U.S.C. § 433(c).  It is also inconsistent with the protections afforded attorney-client communications by Section 204 of the LMRDA. 29 U.S.C. § 434.

    B.    DOL's new Advice Exemption Interpretation interprets the Advice

Exemption out of the LMRDA, and it is contrary to the intent of Congress. DOL's new Advice Exemption Interpretation is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

C.      DOL's new and expanded Advice Exemption Interpretation illegally attempts to usurp state laws, including laws of the State of Texas, with respect to regulation of the attorney-client relationship. DOL's attempt to usurp and preempt state laws is without explicit preemption by Congress. A sufficient basis for preemption does not exist. DOL's promulgation of its new and expanded Advice Exemption Interpretation violates Executive Order 13132. (Exec. Order No. 13,132, 64 Fed. Reg. 43,255 (Aug. 10, 1999). It also violates Executive Oder 12988's requirement that all regulations "provide a clear standard for affected conduct."

D.      DOL's new and expanded Advice Exemption Interpretation infringes on the authority of the states to regulate the practice of law. The LMRDA does not authorize DOL to require the disclosure of attorney-client confidences where attorneys have provided legal advice. No funding has been set aside to assist the states and state bar associations with the cost of compliance with DOL's new and expanded Advice Exemption Interpretation. DOL has failed to identify any state outreach that has taken place with respect to its new and expanded Advice Exemption Interpretation.

E.      DOL's new and expanded Advice Exemption Interpretation and DOL's

29

accompanying revision of Forms LM-10 and LM-20 exceed the powers given to the Secretary in Section 208 of the LMRDA. 29 U.S.C. § 438. DOL's new and expanded Advice Exemption Interpretation exceeds permissible statutory reporting requirements which are limited to only efforts "to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing."  29 U.S.C. § 433(b)(1).

F.    DOL's new and expanded Advice Exemption Interpretation attempts to amend the LMRDA by rulemaking.  There are no changing circumstances justifying DOL's promulgation of its new and expanded Advice Exemption Interpretation.  DOL has failed to satisfy procedural requirements for rulemaking.  DOL's new and expanded Advice Exemption Interpretation fails to comply with Executive Order 12988 which requires proposed regulations to "provide a clear standard for affected conduct."

G.    DOL's new and expanded Advice Exemption Interpretation improperly attempts to regulate the conduct of union representation proceedings. Authority for such regulation has been delegated to the National Labor Relations Board (NLRB) under the NLRA.

## SECOND CAUSE OF ACTION
### The DOL's New Advice Exemption Interpretation Violates Free Speech, Expression and Association Rights

60.    DOL's new and expanded Advice Exemption Interpretation will substantially

30

burden employers in the exercise of their right to espouse views on matters of public importance, in contravention of the First Amendment to the United States Constitution. DOL's new and expanded Advice Exemption Interpretation violates the free speech, expression, and association rights protected by the First Amendment. Consistent with the APA, 5 U.S.C. § 706 (2)(A), the Court should declare DOL's new and expanded Advice Exemption Interpretation unlawful and set it aside.

A.   DOL's new and expanded Advice Exemption Interpretation substantially interferes with the free speech right of employers to express views with respect to, among other things, union organizing. The issue of unionization is one of substantial public importance. Speech by employers on the issue of unionization is non-commercial speech that is entitled to the highest form of protection. Any restraint on this speech must pass strict scrutiny. DOL's new and expanded Advice Exemption Interpretation cannot pass strict scrutiny.

B.   DOL's new and expanded Advice Exemption Interpretation will, in practice, substantially hinder or inhibit Plaintiffs and their members from hiring, consulting, and obtaining the advice of attorneys when, among other things, formulating and delivering their views as employers on the topic of unionization. Plaintiffs and their members have a First Amendment right to attorney representation which is illegally infringed by DOL's new and expanded Advice Exemption Interpretation.

C.    DOL's new and expanded Advice Exemption Interpretation is not narrowly tailored to satisfy a compelling governmental interest.

D. Section 8(c) of the NLRA. 29 U.S.C. § 158(c) is a statutory provision which implements the First Amendment. Section 203(f) of the LMRDA provides that "[n]othing in this section shall be construed as an amendment to, or modification of the rights protected by, section 8(c) of the National Labor Relations Act, as amended." 29 U.S.C. § 433(f).

**THIRD CAUSE OF ACTION**
**DOL's New Advice Exemption Interpretation Violates Due Process**

61. DOL's new and expanded Advice Exemption Interpretation deprives Plaintiffs NFIB, TAB, Lubbock Chamber, NAHB, and Texas Builders and their members of their due process rights guaranteed under the Fifth Amendment. The Court should declare DOL's new and expanded Advice Exemption Interpretation unlawful and set it aside.

A. DOL's new and expanded Advice Exemption Interpretation is vague, open-ended, and overly broad. It fails to provide fair notice of what is required. Violation of DOL's new rule carries criminal penalties described in the LMRDA. DOL's new rule is void for vagueness because it fails to state explicitly and definitely what conduct could result in criminal penalties.

B. Because a failure to file mandated reports invokes criminal sanctions, DOL's new and expanded Advice Exemption Interpretation must satisfy a high standard of clarity. It does not. DOL's new Advice Exemption Interpretation fails to provide explicit standards to avoid arbitrary and discriminatory enforcement. DOL's use of Form LM-21 without revision following its implementation of its new Advice Exemption Interpretation illegally requires consultants, attorneys, law firms, and associations to

32

report receipts from an overly broad and vague series of activities and to report income and payments to officers and employees in violation of federal and state laws, including state ethical rules binding on attorneys.

## FOURTH CAUSE OF ACTION
### DOL's New Advice Exemption Interpretation Violates the Regulatory Flexibility Act (RFA)

62.    DOL failed to conduct, or failed to properly conduct, the regulatory flexibility analysis required by the RFA.  5 U.S.C. § 601 *et seq.*  DOL's promulgation of its new and expanded Advice Exemption Interpretation is not in compliance with the Small Business Regulatory Enforcement Fairness Act. 5 U.S.C. § 601 *et seq.*  The Court should declare DOL's new and expanded Advice Exemption Interpretation unlawful and set it aside.

## INJUNCTIVE RELIEF IS APPROPRIATE

63.    Plaintiffs have a substantial likelihood of prevailing on the merits of this case. Plaintiffs and their members will suffer immediate and irreparable injury if the injunctive relief sought herein is not granted.  The granting of injunctive relief is in the public interest.  Without injunctive relief, Plaintiffs and their members will, among other things, be unable to secure legal counsel and employment relations advice and be unable to engage in normal business activities. Without injunction relief, Plaintiffs and their members will be subject to possible inadvertent violation of the LMRDA, the NLRA, and other laws.  Defendants will not suffer damages if injunctive relief is granted, and thus the balance of harms between the parties weighs in favor of Plaintiffs.  A bond should not be required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A.    That the Court take jurisdiction of the parties hereto and the subject matter hereof.

B.     That the Court enter a judgment declaring DOL's new and expanded Advice Exemption Interpretation is unlawful and setting it aside for the following reasons:

   1.   DOL exceeded its statutory authority under the LMDRA in promulgating its new Advice Exemption Interpretation.

   2.   DOL's new and expanded Advice Exemption Interpretation is unlawful under the Administrative Procedures Act.

   3.   DOL's new and expanded Advice Exemption Interpretation is unlawful under the Regulatory Flexibility Act.

   4.   DOL's new and expanded Advice Exemption Interpretation is unlawful because it violates the First and Fifth Amendments to the U.S. Constitution.

C.     That the Court issue a Preliminary Injunction and, following that, a Permanent Injunction barring implementation of DOL's new and expanded Advice Exemption Interpretation and enjoining Defendants and others acting in concert with them from enforcing DOL's new and expanded Advice Exemption Interpretation.

D.     That Plaintiffs be awarded and recover their costs, expenses and reasonable attorneys' fees from Defendants.

E.     That the Court retain jurisdiction to enforce the terms of any order entered.

F.     That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,


/s/ Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
713.655.5750 (Phone)
713.655.0020 (Fax)
jeffrey.londa@ogletreedeakins.com

Frank D. Davis, TX #24031992
OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
214.987.3800 (Phone)
214.987.3927 (Fax)
frank.davis@ogletreedeakins.com

Brian E. Hayes (admission *pro hac vice* pending)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
P.C.
1909 K Street N.W., Suite 1000
Washington, DC 20006
(202) 263-0261
brian.hayes@ogletreedeakins.com

Christopher C. Murray (admission *pro hac vice*
pending)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Tel: (317) 916-1300
Fax: (317) 916-9076
christopher.murray@ogletreedeakins.com

35

Charles C. High, Jr., TX # 09605000
Clara B. Burns, TX # 03443600
KEMP SMITH LLP
221 North Kansas, Suite 1700
El Paso, TX 79901
Telephone: (915) 533-4424
Facsimile: (915) 546-5360
CHigh@kempsmith.com
CBurns@kempsmith.com

The following are local Counsel for Plaintiffs
pursuant to LR 83.10.

Fernando M. Bustos, TX # 24001819
Aaron M. Pier; TX # 24041694
BUSTOS LAW FIRM, P.C.
1001 Main Street, Suite 501
P.O. Box 1980
Lubbock, TX 79408
(806) 780-3976
(806) 780-3800 (Facsimile)
fbustos@bustoslawfirm.com
apier@bustoslawfirm.com

ATTORNEYS FOR PLAINTIFFS
NATIONAL FEDERATION OF
INDEPENDANT BUSINESS, TEXAS
ASSOCIATION OF BUSINESS
LUBBOCK CHAMBER OF COMMERCE, THE
NATIONAL ASSOCIATION OF HOME
BUILDERS, AND TEXAS ASSOCIATION OF
BUILDERS

## CERTIFICATE OF CONFERENCE

I certify that on March 31, 2016, I discussed via telephone conference the above application for a Preliminary Injunction with Tami Parker, Assistant U.S. Attorney for the Northern District of Texas. She confirmed that Defendants are opposed to Plaintiffs' Application for a Preliminary Injunction.

/s/ Fernando M. Bustos
Fernando M. Bustos

36