IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF INDEPENDENT BUSINESS, a California non-profit mutual benefit corporation,<br><br>TEXAS ASSOCIATION OF BUSINESS, a Texas non-profit organization,<br><br>LUBBOCK CHAMBER OF COMMERCE, a Texas non-profit organization<br><br>NATIONAL ASSOCIATION OF HOME BUILDERS, a Nevada non-profit corporation, and<br><br>TEXAS ASSOCIATION OF BUILDERS, a Texas non-profit organization,<br><br>    Plaintiffs<br><br>v.<br><br>THOMAS E. PEREZ, in his official capacity, Secretary, United States Department of Labor,<br><br>MICHAEL J. HAYES, in his official capacity, Director, Office of Labor-Management Standards, United States Department of Labor, and<br><br>UNITED STATES DEPARTMENT OF LABOR<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 5:16-cv-00066-C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT**

Proposed Intervenor-Plaintiff States—State of Texas, State of Arkansas, State of Alabama, State of Indiana, Attorney General Bill Schuette on behalf of the People of Michigan, State of Oklahoma, State of South Carolina, State of Utah, State of West Virginia, State of Wisconsin ("States")—by and through the Office of the Attorney General of Texas, file this motion to intervene as a party-plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure.

### A. INTRODUCTION

1. Plaintiffs National Federation of Independent Business ("NFIB"), Texas Association of Business ("TAB"), Lubbock Chamber of Commerce ("Lubbock Chamber"), National Association of Home Builders ("NAHB") and Texas Association of Builders ("Texas Builders") seek relief against Defendants' new Interpretation and Final Rule regarding the Advice Exemption to the Labor-Management Reporting and Disclosure Act ("LMRDA").

2. Defendants in this matter are the Department of Labor ("DOL"); Thomas E. Perez, in his official capacity as Secretary of Labor; and Michael J. Hayes, in his official capacity as the Director of the Office of Labor-Management Standards ("OLMS") of the United States Department of Labor.

3. The States move to intervene to protect, *inter alia*, their sovereign interests in regulating occupations and professional standards within their borders, particularly here the practice of law and the state-promulgated duties of confidentiality and loyalty, and the privileges associated therewith, that represent cornerstones of the profession and the legal system.

4. Plaintiffs brought numerous causes of action against the Defendants to, generally, prevent the federal government from infringing on "the right of Plaintiffs' employer-members to obtain confidential legal advice and imped[ing] their right to communicate with employees about unions and workplace issues." ECF No. 1 at p. 2.

Plaintiffs raise claims under both the Administrative Procedure Act ("APA") and the Regulatory Flexibility Act ("RFA"), as well as constitutional claims under both the First and Fifth Amendments. ECF No. 1 at ¶¶ 59–63.

5. This Court has jurisdiction over the States' claims under 28 U.S.C. § 1331 because it involves federal questions involving statutes, law and treaties of the United States, under the Administrative Procedure Act ("APA") at 5 U.S.C. § 702 *et. seq.*, and under 28 U.S.C. §§ 2201 and 2202, which authorize relief pursuant to the Declaratory Judgment Act ("DJA").

6. The State's motion to intervene is timely. *NAACP v. New York*, 413 U.S. 345, 365 (1973) (the court must be satisfied as to timeliness based on the circumstances of each case).

> Determining the timeliness of a motion to intervene entails consideration of four factors: (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Intervenors learned of the suit a little over one month ago, and the States filed this motion without delay on May 10, 2016. The suit has not progressed to the point that any party would be prejudiced, and Defendants can easily and adequately respond to the States' request for a preliminary injunction within the approximate time provided to respond to Plaintiffs' request. In fact, through similar cases presently pending in Arkansas (*Associated Builders and Contractors of Arkansas et al v. Perez et al*, 4:16-cv-00169-KGB (E.D. Ark.)) and Minnesota (*Labnet, Inc. d/b/a Worklaw Network et al v. U.S. Dep't of Labor et al*, 0:16-cv-00844-PJS-JSM (D.

Minn.)), the Defendants are already very familiar with many of the arguments to be raised by the States herein.

### B. ARGUMENT

**1. INTERVENTION OF RIGHT**

7. The States have the right to intervene in this suit under Federal Rule of Civil Procedure 24(a)(2) for the following reasons:

   a. The States have a direct, substantial, and legally protectable interest in regulating the practice of law within their borders. *Sperry v. State of Fla. ex rel. Fla. Bar*, 373 U.S. 379, 383 (1963) ("Florida has a substantial interest in regulating the practice of law within the State"); *Am. Bar Ass'n v. F.T.C.*, 430 F.3d 457, 472 (D.C. Cir. 2005) ("The states have regulated the practice of law throughout the history of the country; the federal government has not."). For example, in Texas, the Constitution establishes that "[t]he [Texas] Supreme Court is responsible for the efficient administration of the judicial branch and shall promulgate rules of administration not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts." Tex. Const. art. V, § 31. And the Legislature has confirmed that the Texas Supreme Court has "full rulemaking power in the practice and procedure in civil actions." Act of May 15, 1939, H.B. 108, 46th Leg., R.S., ch. 25, 1939 Tex. Gen. Laws 201 (formerly codified as Tex. Rev. Civ. Stat. Ann. art. 1731a, now codified as Tex. Gov't Code § 22.004). Moreover, the legislature authorized the Texas Supreme Court to promulgate the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Gov't Code, Title 2, Subtitle G, Appendix A, Article 10, § 9.

   b. The States' interest in regulating the practice of law goes to the very heart of the matters at issue in this suit. The federal government's new Interpretation of the LMRDA's Advice Exemption ("Interpretation"), and the Final

Rule associated therewith, threatens the States' exclusive right to regulate the practice of law by prospectively requiring attorneys to disclose a wealth of confidential client information. On April 27, 2016, former American Bar Association President William T. Robinson, III, testified before the Subcommittee on Health, Employment, Labor and Pensions, House Education and Workforce Committee, explaining, "The breadth of the proposed Rule opens up to public and administrative disclosure and scrutiny virtually every confidential, attorney-client communication with management on the subject of labor relations since virtually every attorney client communication about labor-relations could involve the lawyer in her/his client's 'object to persuade' the client's employees or somehow 'affect an employee's decisions.'"

    c. To be sure, at times, Congress has imposed certain requirements on the practice of law. *See, e.g., Consumer Financial Protection Bureau v. Frederick J. Hanna & Associates, P.C.*, 114 F. Supp. 3d 1342, 1359 (N.D. Ga. 2015) ("the [Consumer Financial Protection Act] expressly provides the Bureau a narrow scope of authority over lawyers engaged in activity that is otherwise part of the practice of law."). However, nothing in the language of the LMRDA suggests that Congress intended to impose the States' regulation of the legal profession. *See Am. Bar Ass'n*, 430 F.3d at 472 ("[I]t is not reasonable for an agency to decide that Congress has chosen [to regulate the practice of law] in language that is, even charitably viewed, at most ambiguous."). And most importantly, there is nothing within the LMRDA to indicate that Congress intended to intrude upon the principles of confidentiality and loyalty between employers and their attorneys. *See, e.g.*, Tex. Discipl. R. Prof'l Conduct 1.05(b) (Providing, with certain exceptions not relevant here, that "a lawyer shall not knowingly . . . [r]eveal confidential information of a client or a former client to . . . anyone . . . other than the client, the client's representatives, or the members,

associates, or employees of the lawyer's law firm.").

    d. The present parties in the suit cannot adequately represent the States' interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 & n.10 (1972); *Brumfield*, 749 F.3d at 345. The Plaintiffs' claims focus on private employers and their needs to maintain confidentiality with their consultants—both attorneys and non-attorneys. Although the private employers' interests are related to the States' interests in regulating the legal profession and preserving attorneys' ethical and professional duties of confidentiality and loyalty, the Plaintiffs do not adequately represent the States' interests in these matters. Intervention of right is appropriate "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as *minimal*." *Trbovich*, 404 U.S. at 538 n.10 (emphasis added). Unless the States intervene, their interests may be impaired because the representation of their interests in regulating the practice of law and preserving attorneys' duties of confidentiality and loyalty, as well as the attorney-client and work-product privileges, will be inadequate. *John Doe #1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001).

**2. PERMISSIVE INTERVENTION**

  8. Alternatively, the Court should grant the States' motion to intervene because its claim and this suit have a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs and the States each seek to enjoin the federal government in enforcing a new Interpretation and Final Rule which threatens to substantially impact protocol and fairness across various industries.

  9. The proposed complaint in intervention is filed along with this motion.

### C. CONCLUSION

  10. The States' sovereign interest in regulating its legal profession, and preserving its foundations, is directly related to the Plaintiffs' claims in this case. If

DOL's new Interpretation and Final Rule is allowed to stand, the federal government may be permitted, without Congressional authorization, to invade virtually any arena of law practice, threaten or preempt state regulations, and alter longstanding rules and principles that are hallmarks of the legal profession and our system of justice. The States' interests in these matters are not adequately represented by the Plaintiffs, who have alleged constitutional claims focused on the rights of private employers. For these reasons, intervenors ask the Court to grant its motion to intervene as party-plaintiffs.

Dated:      May 10, 2016.

Respectfully submitted,

| | |
|---|---|
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | KEN PAXTON<br>Attorney General of Texas |
| LUTHER STRANGE<br>Attorney General of Alabama | JEFFREY C. MATEER<br>First Assistant Attorney General |
| GREG ZOELLER<br>Attorney General of Indiana | BRANTLEY STARR<br>Deputy Attorney General for Legal Counsel |
| BILL SCHUETTE<br>Attorney General of Michigan | AUSTIN R. NIMOCKS<br>Associate Deputy Attorney General for Special Litigation |
| SCOTT PRUITT<br>Attorney General of Oklahoma | /s/ Austin R. Nimocks<br>AUSTIN R. NIMOCKS |
| ALAN WILSON<br>Attorney General of South Carolina | Texas Bar No. 24002695 |
| SEAN REYES<br>Attorney General of Utah | Office of the Texas Attorney General<br>Special Litigation Division (Mail Code 001)<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548 |
| PATRICK MORRISEY<br>Attorney General of West Virginia | |
| BRAD SCHIMEL<br>Attorney General of Wisconsin | *ATTORNEYS FOR INTERVENOR STATES* |

## CERTIFICATE OF CONFERENCE

Counsel for Intervenor-Plaintiff States sought conference via e-mail on Monday, May 9, 2016 with counsel for both Plaintiffs and Defendants. In addition to providing draft copies of both this motion and the proposed complaint in intervention. Counsel for Plaintiffs responded via e-mail that they do not oppose intervention by the proposed Intervenor-Plaintiff States. Counsel for Defendants replied that Defendants have not determined whether to oppose the motion, but respectfully reserve the right to do so.

/s/ Austin R. Nimocks
Austin R. Nimocks

## CERTIFICATE OF SERVICE

I, Austin R. Nimocks, hereby certify that on this the 10th day of May, 2016, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Austin R. Nimocks*
Austin R. Nimocks