IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| NATIONAL FEDERATION OF INDEPENDENT BUSINESS *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:16-cv-00066-C |
| v. | ) ) | |
| THOMAS E. PEREZ, in his official capacity as Secretary, United States Department of Labor *et al*., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO INTERVENE

Presently before the Court is the motion of eight states to intervene in the present action. As Defendants explain below, these proposed intervenors possess the same ultimate objectives as Plaintiffs. Therefore, the intervenors' professed interests are *presumed* to be adequately represented absent a showing of adversity of interest, collusion, or nonfeasance. The states have made no such showing, and they are not entitled to intervene. Furthermore, because the proposed intervenors have failed to show that they have a legally protectable interest in this litigation, they are not entitled to intervene as of right. Defendants therefore respectfully request that the Court deny the motion to intervene.

## BACKGROUND

The United States Department of Labor has issued a final rule, 81 Fed. Reg. 15,924 (Mar. 24, 2016) ("the rule"), to strengthen existing regulations implementing the Labor-Management Reporting and Disclosure Act, Pub. L. No. 86-257, 73 Stat. 519 (1959) ("Act"), by clarifying that the Act's disclosure provisions apply when a consultant engages in activities to persuade

employees about the exercise of their right to organize and bargain collectively, even if he or she does not contact employees directly.  Plaintiffs are five national organizations who have filed suit, seeking to enjoin Labor from enforcing the rule.  *See* Compl. (ECF No. 1).  Plaintiffs have moved for a preliminary injunction.  *See* Pl. Br. in Supp. of Application (Mot.) for Prelim. Inj. (ECF No. 25) ("Pl. PI Br.")

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right, stating that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  "Not any interest, however, is sufficient"; to support intervention, an interest must be "direct, substantial, and legally protectable."  *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004).  Moreover, "when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance."  *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578-79 (5th Cir. 2007) (quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987)).  A would-be intervenor bears the burden of establishing both a protectable interest and inadequate representation.  *See generally Texas v. United States*, 805 F.3d 653 (5th Cir. 2015)

Federal Rule of Civil Procedure 24(b)(1)(B) provides for permissive intervention.  "On timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  (emphasis added).  In

considering a request for permissive intervention, the Court should consider "whether the

intervenors are adequately represented by other parties and whether they are likely to contribute

significantly to the development of the underlying factual issues."  *League of United Latin Am.*

*Citizens ("LULAC") v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).  "Permissive intervention is

wholly discretionary with the district court even though there is a common question of law or

fact, or the requirements of Rule 24(b) are otherwise satisfied."  *Kneeland*, 806 F.2d at 1289

(citation and internal punctuation omitted); *accord Staley v. Harris Cty., Texas*, 160 F. App'x

410, 414 (5th Cir. 2005).  "Orders denying permissive intervention are reviewed for clear abuse

of discretion and will be reversed only if extraordinary circumstances are shown."  *Trans*

*Chemical Ltd. v. China Nat'l Machinery Import & Export Corp.*, 332 F.3d 815, 822 (5th Cir.

2003) (citation and internal punctuation omitted).

## ARGUMENT

I.     **Because Plaintiffs Possess the Same Ultimate Objectives as the Proposed**
       **Intervenors, and No Showing of Adversity of Interest, Collusion, or Nonfeasance**
       **Has Been Made, the Proposed Intervenors Cannot Overcome the Presumption of**
       **Adequate Representation, and Intervention Is Not Appropriate.**

Regardless of whether intervention as of right under Fed. R. Civ. P. 24(a)(2) or

permissive intervention under Fed. R. Civ. P. 24(b)(1)(b) is at issue, a proposed intervenor must

show that its interests are not adequately represented by existing parties.  "[W]hen the party

seeking to intervene has the same ultimate objective as a party to the suit, the existing party is

*presumed* to adequately represent the party seeking to intervene unless that party demonstrates

adversity of interest, collusion, or nonfeasance."  *Haspel & Davis*, 493 F.3d at 578-79 (emphasis

added) (citation, footnote, and internal punctuation omitted); *accord Baker v. Wade*, 743 F.2d

236, 240 (5th Cir. 1984).  A putative intervenor must "produce something more than speculation

as to the purported inadequacy."  *LULAC*, 884 F.2d at 189 (citation omitted) (upholding district

court's denial of permissive intervention where putative intervenor "failed to present evidence to rebut" the presumption of adequate representation).

In *Haspel & Davis*, the Fifth Circuit upheld denial of the State of Louisiana's motion to intervene as a defendant in a pending action. 493 F.3d at 577-79. The Court rejected the State's argument that it was "not seeking the same ultimate objective" as the existing defendant "because its objective is more expansive" than that of the defendant's. *Id*. at 579. The Fifth Circuit explained that "even assuming that the State's interest is broader than that of the [defendant], the more narrow issue regarding execution of the judgment against the [defendant] is the only matter currently before us. Thus, the [defendant] and the State have the same ultimate objective in this case." *Id*. Furthermore, the state did not "allege collusion, nonfeasance, or adversity of interest." *Id*. The Fifth Circuit thus affirmed the district court's order denying the state's motion to intervene, having concluded that the existing defendant adequately represented the state. *Id*.

Similarly, here, the proposed state intervenors seek the same ultimate objective as Plaintiffs: to obtain a court order declaring that the regulation issued by the United States Department of Labor is unlawful and an injunction prohibiting Defendants from enforcing the regulation. The interests of Plaintiffs and the proposed intervenors are, without question, aligned rather than adverse. The parties clearly share the "same ultimate objective," *Baker*, 743 F.2d at 240, and the proposed intervenors have failed to make the requisite showing of "adversity of interest, collusion, or nonfeasance." *LULAC*, 884 F.2d at 189. Rather, the proposed intervenors state that Plaintiffs' "claims focus on private employers and their needs to maintain confidentiality with their consultants – both attorneys and non-attorneys." Mot. to Intervene (ECF No. 44) at 6. The states' claims, though, have the same focus in terms of the objective that

4

they seek to achieve; moreover, Plaintiffs have asserted arguments that the rule allegedly

conflicts with state regulation of the practice of law, and that state law should govern the

attorney-client relationship.  *See* Pl. PI Br. at 22-24.  The proposed intervenors also overlook the

fact that the claims under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. ("APA"), that

they wish to assert are not substantively distinguishable from APA claims already being asserted

by Plaintiffs.  *Compare* Proposed Compl. in Intervention (ECF No. 44-1) ¶¶ 36-40 (Count One)

*with* Compl. (ECF No. 1) ¶ 59.C; Proposed Compl. in Intervention ¶¶ 46-49 (Count Three) *with*

Compl. ¶ 59.C, 59.D; Proposed Compl. in Intervention ¶¶ 50-55 (Count Four) *with* Compl. ¶ 59

& 59.A-D.  And while the proposed intervenors claim assert their entitlement to the relief that

they and the original plaintiffs want under a different legal theory under the Tenth Amendment,

*see* Proposed Compl. in Intervention ¶¶ 41-45, "mere tactical differences do not make inadequate

the representation of those whose interests are identical'" and "representation is not inadequate

. . . where the applicant and the existing party have different views on the facts, the applicable

law, or the likelihood of success of a particular litigation strategy." *Izzio v. Century Partners*

*Golf Mgmt*, No. 3:14-CV-03194-P, 2015 WL 5472845, at *3 (N.D. Tex. Sept. 15, 2015)

(citations and internal punctuation omitted).  Accordingly, this Court should presume the

proposed intervenors' interests to be adequately represented in this litigation and deny their

request for intervention.  *See Aransas Project v. Shaw*, 404 F. App'x 937, 941-42 (5th Cir. 2010)

(upholding denial of permissive intervention where, inter alia, proposed intervenors "share[d] the

same objective as defendants"); *EEOC v. Air Express Int'l, USA, Inc.*, No. 3:11-CV-2581-L,

2011 WL 6409121, at *3 (N.D. Tex. Dec. 21, 2011) ("[B]ecause the EEOC adequately

represents Movants' interests in this case, the court determines that permissive intervention is

unwarranted and should not be allowed despite the lack of opposition by the EEOC and

Defendant") (citing *Staley*, 160 F. App'x at 414).

Additionally, permissive intervention is not appropriate because the proposed intervenors

are not "likely to contribute significantly to the development of the underlying factual issues,"

*LULAC*, 884 F.2d at 189, as this is an action for review of agency action based on purely legal

issues or, at most, the administrative record to be filed, as may be appropriate, by the agency.

Therefore, there are no "underlying factual issues" to develop.  It is well settled that judicial

review under the APA is "very narrow" and that a reviewing court does not "weigh the evidence

in the record pro and con"; rather, the Court "review[s] the agency action to determine whether

the decision was based on a consideration of the relevant factors and whether there was a clear

error of judgment."  *Harris v. United States*, 19 F.3d 1090, 1096 (5th Cir. 1994) (citations and

internal punctuation omitted).  The APA specifically contemplates that judicial review of agency

action will be undertaken on the basis of the administrative record compiled by the agency.  *See*

5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party").

"It is a bedrock principle of judicial review that a court reviewing an agency decision should not

go outside of the administrative record."  *Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 n.15 (5th

Cir. 2001); *see also Florida Power & Light v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of

the reviewing court is to apply the appropriate APA standard of review . . . to the agency

decision based on the record the agency presents to the reviewing court.").

## II.     Intervention As of Right Is Not Appropriate Because the Proposed Intervenors Lack The Requisite Legally Protectable Interest in This Litigation.

Intervention as of right is additionally inappropriate for a separate reason.  To intervene

as of right, an applicant must establish "an interest relating to the property or transaction that is

the subject of the action."  Fed. R. Civ. P. 24(a)(2).  That interest must be "direct, substantial and

legally protectable"; the intervenor must be "the real party in interest regarding his claim." *Saldano*, 363 F.3d at 551 (alteration and quotation marks omitted).  The would-be intervenor's "stake in the matter" must "go[] beyond a generalized preference that the case come out a certain way." *Texas*, 805 F.3d at 657.  It is therefore not enough that the applicant "merely prefers one outcome to the other" for "ideological, economic, or precedential reasons." *Id*.  Although the Fifth Circuit does not require a putative intervenor to demonstrate Article III standing, the standard for Article III injury-in-fact is similar to that by which courts measure a putative intervenor's interest.  *Compare Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that, to establish standing, a party must have a "legally protected interest" that is "concrete and particularized"), *with Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (en banc) (holding that, to intervene, a party must have a "legally protectable interest" that is "direct [and] substantial").

    The states assert that they are entitled to intervene because they have an interest "in regulating the practice of law within their borders."  Mot. to Intervene at 4.  But this litigation does not implicate that professed interest, even assuming *arguendo* that it might be cognizable in some other case.  The states assert that they are entitled to intervene because the Department of Labor rule at issue "requir[es] attorneys to disclose a wealth of confidential client information." *Id*. at 5.  As the states properly recognize, the rule is directed at attorneys, and not at the state. The rule does not "threaten[]" the states' "right to regulate the practice of law," *id.*, except insofar as any new federal requirement that may have an incidental effect on the rules to which a state's citizens are subject threatens the states' ability to enforce its own rules.

    Moreover, the rule expressly does *not* require employers or consultants to report information that is protected by the attorney-client privilege.  *See, e.g.*, 81 Fed. Reg. at 15,928.

The rule "does not require the disclosure of any particular documents, apart from the persuader agreement," *id.* at 15,995, nor does it require disclosure of the content of any communication between employers and consultants.  The Fifth Circuit has already held that basic information related to persuader agreements – "the name of the[] client, the receipts and disbursements pursuant to such arrangements, and the general nature of [a consultant's] activities on behalf of the[] client[]"—"cannot be considered as confidential information" protected by the attorney-client privilege.  *Wirtz v. Fowler*, 372 F.2d 315, 333 (5th Cir. 1966), *rev'd in part on other grounds*, 412 F.2d 647 (5th Cir. 1969).[1]  The rule does not require the reporting of privileged information.  Rather, the information required to be reported consists of: (1) a copy of the persuader agreement between the employer and consultant; (2) the parties to the agreement; (3) a description of the agreement's terms; (4) the nature of the persuader and information-supplying activities to be undertaken pursuant to the agreement (selected from a checklist of activities); (5) a description of persuader and information-supplying activities, including when the activities were performed and the extent of their completion; and (6) the persons who performed the persuader or information-supplying activities, and the dates, amounts, and purposes of payments made under the agreement.  81 Fed. Reg. at 15,992.  "While receipt and disbursement information must be disclosed under the rule, the rule does not require that the billing, voucher, or other documents that includes this information be publicly disclosed."  *Id*.  Furthermore, "the only other information that is to be reported identifies only the specific persuader activity or activities provided to the employer by the lawyer or other labor relations consultant, activities that must be reported under section 203 of the Act."  *Id.*  None of this information required to be

---

[1] To the extent that state confidentiality rules extend beyond attorney-client privilege, they typically permit attorneys to disclose information "to the extent the lawyer reasonably believes necessary . . . to comply with other law or a court order."  Model Rules of Prof'l Conduct, Rule 1.6(a), (b)(6); *see also* Tex. Disciplinary R. Prof'l Conduct 1.05(c)(4) ("A lawyer may reveal confidential information . . . [w]hen the lawyer has reason to believe it is necessary to do so in order to comply with a court order, . . . or other law.").

reported falls within the traditional confines of the attorney-client privilege.  The states'
conclusory allegations thus do not establish that the rule interferes with any "direct, substantial
and legally protectable" interest, *Saldano*, 363 F.3d at 551 (alteration and quotation marks
omitted), and the states therefore are not entitled to intervene as of right.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the motion
to intervene.

Dated: May 18, 2016                              Respectfully submitted,

M. PATRICIA SMITH                                BENJAMIN C. MIZER
Solicitor of Labor                               Principal Deputy Assistant Attorney General

BEVERLY I. DANKOWITZ                             JOHN R. PARKER
Acting Associate Solicitor                       United States Attorney

CLINTON WOLCOTT                                  ANN HAAG
Counsel for Labor-Management Programs            TAMI C. PARKER
                                                 Assistant United States Attorneys

ADAM R. PULVER
Attorney                                         JUDRY L. SUBAR (D.C. Bar)
Civil Rights and Labor-Management Division       Assistant Branch Director
U.S. Department of Labor
200 Constitution Ave. N.W., Room N-2474
Washington, D.C. 20210

                                                 */s/ Daniel Riess*
                                                 DANIEL RIESS (Texas Bar # 24037359)
                                                 Trial Attorney
                                                 U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 20 Massachusetts Ave., N.W.
                                                 Washington, D.C. 20530
                                                 Tel: 202-353-3098
                                                 Daniel.Riess@usdoj.gov

                                                 *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

On May 18, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

<u>  /s/ Daniel Riess</u>
Daniel Riess