IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| NATIONAL FEDERATION OF INDEPENDENT BUSINESS *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:16-cv-00066-C |
| v. | ) ) | |
| THOMAS E. PEREZ, in his official capacity as Secretary, United States Department of Labor *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION FOR ENTRY OF SCHEDULING
ORDER AND REQUEST FOR EXPEDITED CONSIDERATION**

TO THE HONORABLE SAM R. CUMMINGS, UNITED STATES SENIOR DISTRICT JUDGE PRESIDING:

Defendants Thomas E. Perez, in his official capacity as Secretary, United States Department of Labor; Michael J. Hayes, in his official capacity as Director, Office of Labor-Management Standards, United States Department of Labor; and the United States Department of Labor ("Defendants") respectfully move the Court for entry of a scheduling order regarding advance disclosure of proposed witnesses, proposed exhibits, and a description of proposed witness testimony, for the June 20, 2016 hearing on Plaintiffs' application for a preliminary injunction. Defendants state the following in support of this motion:

1.   This case involves a regulation recently issued by the United States Department of Labor entitled "Interpretation of the 'Advice' Exemption in Section 203(c) of the Labor-Management Reporting and Disclosure Act," 81 Fed. Reg. 15,924 (Mar. 24, 2016) ("the Rule").

1

2. Plaintiffs have applied for a preliminary injunction to enjoin enforcement of the Rule, and briefing has been completed on Plaintiffs' application (ECF Nos. 25, 46, 59). Intervenor-Plaintiffs have applied for a similar preliminary injunction. *See* Compl. in Intervention & App. for Prelim. Inj. ¶¶ 63-77 (ECF No. 44-1). The Court has scheduled an evidentiary hearing on Plaintiffs' application for June 20, 2016, at 10:00 a.m. (ECF No. 31).[1]

3. The Court has not issued an order directing the parties to provide witness and exhibit lists, and Defendants are not certain as to whether Plaintiffs or Intervenor-Plaintiffs intend to call witnesses. Out of an abundance of caution, counsel for Defendants has requested counsel for Plaintiffs and Intervenor-Plaintiffs to provide a list of witnesses that Plaintiffs and Intervenor-Plaintiffs plan to call during the June 20 hearing, as well as a description of the testimony that the witnesses are anticipated to provide.

4. Counsel for Plaintiffs has stated that Plaintiffs have decided not to provide this information to Defendants. To date, counsel for Intervenor-Plaintiffs has not responded as to whether Intervenor-Plaintiffs plan to call witnesses at the June 20 hearing.

5. Absent notice regarding which witnesses Plaintiffs and Intervenor-Plaintiffs plan to call during the evidentiary hearing, if any, and on what topics these witnesses plan to testify, Defendants lack the ability to prepare adequately for the hearing. In particular, Defendants are unable to determine whether it will be necessary to present responsive witness testimony in response to any affirmative witness testimony that Plaintiffs or Intervenor-Plaintiffs intend to provide. Under these circumstances, Plaintiffs and Intervenor-Plaintiffs should not be permitted

---

[1] Regardless of the nature of the evidence that Plaintiffs or Intervenor-Plaintiffs intend to introduce during the evidentiary hearing, no evidence would be appropriate regarding the merits of this case because this is a case reviewing final agency action, in which review is limited to the administrative record. *See* 5 U.S.C. § 706 (in reviewing final agency action under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (APA), "the court shall review the whole record or those parts of it cited by a party"); *Medina County Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (when reviewing agency action under the APA, "the general presumption [is] that review is limited to the record compiled by the agency").

to present witness testimony.  *Cf.* Fed. R. Civ. P. 37(c)(1); *Capitol Fed. Sav. Bank v. E. Bank Corp.*, Civil Action No. 07-11342-RCL, 2007 WL 7309743 (D. Mass. Dec. 3, 2007), *adopted by* 2008 WL 8188855 (D. Mass. Apr. 17, 2005) (excluding evidence in the preliminary injunction context to avoid unfair surprise and prejudice).

6. Additionally, Defendants are unable to ascertain whether any of the witness testimony Plaintiffs and Intervenor-Plaintiffs intend to provide is relevant or irrelevant to the standards governing the issuance of preliminary injunctive relief.  "Under the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact being proven or disproven is of consequence in determining the action.  Relevant evidence is admissible; irrelevant evidence not admissible." *In re: Actos (Pioglitazone) Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 171834, at *22 (W.D. La. Dec. 3, 2013); *see also* Fed. R. Evid. 401; Fed. R. Evid. 402.  Irrelevant evidence will not assist the Court in making the factual and legal determinations necessary to resolve Plaintiffs' application for a preliminary injunction.

7. Accordingly, Defendants respectfully request the Court to enter a scheduling order regarding advance disclosure of proposed witnesses, proposed exhibits, and a description of proposed testimony by witnesses.

8. Because of the shortness of time before the June 20, 2016 evidentiary hearing, Defendants respectfully move the Court for expedited consideration of this motion.

9. Based on the foregoing, Defendants respectfully request that their motion be granted.  In accordance with the Local Rules of this Court, a proposed order accompanies this motion.

Dated:  June 8, 2016                                Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN R. PARKER
United States Attorney

TAMI C. PARKER
Assistant United States Attorney


  /s/ Daniel Riess
JUDRY L. SUBAR (D.C. Bar)
Assistant Branch Director
DANIEL RIESS (Texas Bar # 24037359)
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*


**CERTIFICATE OF CONFERENCE**

I certify that on June 7, 2016, I contacted Fernando M. Bustos, counsel for Plaintiffs, via electronic mail regarding the foregoing motion, and that he informed me that Plaintiffs oppose this motion.  I further certify that on June 8, 2016, I contacted Austin Nimocks, counsel for Intervenor-Plaintiffs, via electronic mail regarding the foregoing motion, and that he informed me that Intervenor-Plaintiffs oppose this motion.

  /s/ Daniel Riess
Daniel Riess

## **CERTIFICATE OF SERVICE**

On June 8, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

   /s/ Daniel Riess
Daniel Riess